UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-00214-R

STEPHEN HOFFMAN AND
MARY HOFFMAN,
                                     PLAINTIFFS

v.

MICHAEL J. ASTRUE,
in his official capacity as Commissioner of
Social Security Administration, et al.            DEFENDANTS

**MEMORANDUM OPINION**

   This matter comes before the Court on Defendants' Motion to Dismiss (DN 8). Plaintiffs have responded (DN 11). This motion is now ripe for adjudication. For the reasons that follow, the Defendants' Motion is GRANTED.

**BACKGROUND**

   This matter arises originally from an alleged fraud perpetrated on Plaintiffs and J.P. Morgan Chase ("Chase") by William and Delores Harvey ("Harveys"). On September 11, 1995, Chase extended the Harveys a revolving credit line real estate mortgage ("Mortgage"), secured by a property they owned in Prospect, Kentucky ("Property"). In April of 1998, the Harveys sold the Property to Plaintiffs. When they effectuated their purchase, Plaintiffs claimed that the Mortgage had a zero balance. Over the next seven years, the Property changed hands two more times. In March of 2006, Chase filed suit in Oldham Circuit Court against Plaintiffs and the Property's subsequent owners. In its complaint, Chase stated that the Harveys never terminated or closed their line of credit and had continued for years to take advances on the Mortgage. While Plaintiffs allege that the Harveys are responsible for whatever payments are due under the

Mortgage, Plaintiffs have been unable to serve the Harveys with a Third Party Complaint because they "maintain a nomadic existence in a mobile home." DN 11 at 3. Attempts to find the Harveys with the aid of private investigators have proved unfruitful.

Plaintiffs issued a state-court subpoena upon the Social Security Administration ("SSA") requesting production the Harvey's social security records. DN 1-4 at 1. Ostensibly, Plaintiffs seek this information because while they are in possession of the Harveys' social security numbers and dates of birth, they still lack a mailing address where service of process may be effectuated. DN 11 at 3. The SSA denied the requests and Plaintiffs filed this action against the commissioner of the SSA and the Secretary of the Department of Health and Human Services ("DHHS") (jointly "Defendants"). Plaintiffs claim that federal jurisdiction of this action is predicated on 28 U.S.C. § 1331; specifically, Plaintiffs say that denying them access to the requested information (1) violates their due process rights, (2) constitutes a violation of policy, procedure, and/or custom under 42 U.S.C. 1983, (3) deprives Plaintiffs of certain rights, privileges, and immunities secured under the Fourth and Fourteenth Amendment, and (4) violates federal law because the agencies are acting contrary to a state-court subpoena. In their complaint, Plaintiffs request, among other things, that the Court accept jurisdiction over the case and order Defendants to produce the requested records.

Defendants now move to dismiss Plaintiffs complaint on two bases. First, under Federal Rule of Civil Procedure 12(b)(1), Defendants charge that the Court lacks subject matter jurisdiction over this action. Second, under Federal Rule of Civil Procedure 12(b)(6), Defendants allege that Plaintiffs have failed to state a claim upon which relief may be granted.

**STANDARDS**

**I. Standard under Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Steel Peel Litig.*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

**II. Standard under Rule 12(b)(6)**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## ANALYSIS

### I. Dismissal is appropriate under Rule 12(b)(1) because Defendants are entitled to sovereign immunity.

Defendants' motion is proper as this action is barred by the doctrine of sovereign immunity. The Sixth Circuit Court of Appeals laid out the doctrine's framework in *Whittle v. United States*:

> "The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity. *See United States v. Testan*, 424 U.S. 392 (1976). [Plaintiff] bears the burden of establishing subject matter jurisdiction of the court over his claim. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), cert. denied 450 U.S. 981 (1981). [28 U.S.C. § 1331] is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain. *See Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989).

*Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (internal citations altered).[1]

Moreover, any waiver of sovereign immunity by the federal government is strictly construed by the reviewing court and the doctrine "cannot be avoided simply by naming officers and employees of the United States as defendants." *Fishburn v. Brown*, 125 F.3d 979, 981-82 (6th Cir. 1997) (quoting *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988)).

Plaintiffs have failed to provide any evidence in their complaint that the federal government has consented to this suit; they offer no statutory language, either express or implied, that the government has waived its immunity. In response to this motion, Plaintiffs instead declare that since Defendants' failure to disclose the address of the Harveys has violated Plaintiffs' Fifth Amendment rights, "this constitutional infringement removes this action from the protection of the doctrine."[2] DN 11 at 2. In support of this claim, Plaintiffs cite to *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), for the supposed proposition that alleging a constitutional violation waives the federal government's sovereign immunity. Plaintiffs however have misinterpreted this decision; the Supreme Court in *Larson* instead decided that the War Assets Administrator, an agent of the federal government, was entitled to immunity in a suit requesting an injunction. *See id*. While claims for injunctive relief against the federal government may be pursued under 5 U.S.C. § 702, Plaintiffs fail to use this statute as

---

[1] Relying upon this precedent, the court in *Whittle*, upheld the prior dismissal of the plaintiff's claims against the United States and the Internal Revenue Service. *Whittle*, 7 F.3d at 1262.

[2] As Plaintiffs fail to allege a Fifth Amendment violation in their complaint, the Court does not address whether a potential claim under this Amendment would impact its decision.

a basis for this action and therefore the provision is not considered.[3]

The precedent is unambiguous: if a plaintiff is unable to identify a waiver of immunity, the action must be dismissed for want of jurisdiction. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Nothing in Plaintiffs' complaint or response to this motion references a relevant waiver of that immunity. As such, dismissal of this action is appropriate.

**II. Even if Plaintiffs' claims were not barred by sovereign immunity, the legal claims as alleged are defective and therefore should be dismissed under Rule 12(b)(6).**

Ignoring momentarily that Plaintiffs have not demonstrated an appropriate waiver of sovereign immunity, the legal claims alleged in the initial complaint are also fatally defective.

First, Plaintiffs claim that the Defendants' decision to not release the Harveys' records constitutes a procedural due process violation. Assuming that Plaintiffs are arguing that they have a property interest in the Harveys' social security records, they must show a "legitimate claim to entitlement" to that information to demonstrate a procedural due process violation. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Even a cursory review of the complaint however shows that Plaintiffs fail to include any facts supporting this argument. There is no factual or legal basis upon which this Court could conclude Plaintiffs have an entitlement to this information. Thus, dismissal of this claim is appropriate.

Second, contrary to Plaintiffs' allegations, denial of the Harveys' records cannot constitute a violation of policy, procedure, and/or custom under 42 U.S.C. § 1983, because actions under this statute only apply to constitutional deprivations that occur under state law.

---

[3] Even if this Court were to consider 5 U.S.C. § 702 as the basis whereby Plaintiffs could avoid the doctrine of sovereign immunity, the Court's later analysis sets forth that dismissal is also appropriate under Rule 12(b)(6).

*District of Columbia v. Carter*, 409 U.S. 418, 424 (1973). As such, a claim under this statute is improper.

Plaintiffs' claims under the Fourth and Fourteenth Amendments are also inapplicable to this action. Though the Fourteenth Amendment protects an individual's right to due process and equal protection under the law, the Amendment's protections only prohibit actions by states. *See* U.S. Const. amend. XIV. Furthermore, this Court is unsure, nor do Plaintiffs explain, how the protections of the Fourth Amendment are implicated in this proceeding. Consequently, this Court dismisses this claim as well.

Finally, although Plaintiffs aver that noncompliance with the state court subpoena is a violation of federal law, their complaint fails to cite any particular law that the government agencies have allegedly ignored. There is however applicable federal law that runs directly counter to the state-court's order. The Privacy Act provides that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .

5 U.S.C. § 552a(b). Though there are twelve exceptions to this unambiguous mandate, they are inapposite when considering Plaintiffs' request. *See id.* § (b)(1)-(12). Accordingly, not only are Defendants not in violation of federal law by not releasing the Harveys' data, but the agencies are in fact prohibited by federal law from disclosing the information. Considering the supremacy of federal law over state law, this claim by Plaintiffs is without merit.

## CONCLUSION

The Court sympathizes with Plaintiffs and shares in the frustration they must feel by being unable to locate the Harveys to effectuate service upon them. However, the relevant

precedent governing this matter is clear.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (DN 8) is GRANTED.  An appropriate order shall issue.